# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

| | |
|---|---|
| **STEVEN TODD ASHWORTH,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil Action No. 5:09-1106 |
| | ) |
| **DAVID BERKEBILE, Warden,** | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On October 9, 2009, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a Motion under Section 2255 and (1) denied as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f); and (2) in any event, Petitioner is not entitled to relief under Section 2241.

## FACT AND PROCEDURE

On November 11, 2004, Petitioner was convicted by a jury in the United States District Court for the Southern District of West Virginia of aiding and abetting the distribution of a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Criminal Action No. 2:03-

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

0278, Document No. 101.) Petitioner was represented by court-appointed counsel, Donald L. Stennett. (Id., Document No. 23.) Petitioner was sentenced on January 31, 2005, to a 16-month term of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 113 and 117.) On March 9, 2005, the United States appealed Petitioner's sentence to the Fourth Circuit Court of Appeals, contending that the District Court erred when it determined that it was barred, under United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), from considering acquitted conduct to calculate Petitioner's sentencing guideline range. (Id., Document No. 122.) On July 19, 2005, the Fourth Circuit remanded the case for resentencing finding that the District Court had erred "in believing that it was required to exclude evidence of defendant's participation in a conspiracy on which he was acquitted from its calculation of offense level under Sentencing Guidelines." United States v. Ashworth, 139 Fed.Appx. 525 (4th Cir. 2005). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on November 28, 2005. Ashworth v. United States, 546 U.S. 1045, 126 S.Ct. 765, 163 L.ed.2d 594 (2005). The District Court resentenced Petitioner on October 11, 2005, to a 121-month term of imprisonment to be followed by a three-year term of supervised release. (Criminal Action No. 2:03-0278, Document Nos. 153 and 155.) No appeal concerning Petitioner's amended sentence was filed in the Fourth Circuit.

On October 11, 2006, Petitioner, by counsel, Mr. Stennett, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Civil Action No. 2:06-0865, Document No. 161.) Petitioner alleged that he asked Mr. Stennett to file a direct appeal for him, but Mr. Stennett failed to do so. (Id.) By Order entered on October 13, 2006, the United States was directed to file a response to Petitioner's claim. (Id., Document No. 165.) On October 20, 2006, the United States filed a Response to Petitioner's Section 2255 Motion, which indicated that Mr. Stennett informed counsel for the United States that he, indeed, failed to file an appeal on Petitioner's behalf. (Id., Document No.

166, pp. 2 - 3.) Based upon the representations of Mr. Stennett, counsel for the United States declared that "the interests of justice and judicial economy would best be served by granting the motion for collateral relief for the limited purpose of allowing defendant to raise his various challenges to his conviction and sentence on direct appeal" and that the United States would not oppose such limited relief. (Id., p. 3.) By Proposed Findings and Recommendation entered on November 13, 2006, Magistrate Judge Mary E. Stanley recommended that the District Court grant Petitioner's Section 2255 Motion concerning the denial of his direct appeal, vacate Petitioner's judgment, and re-enter it to allow for a new appeal period. (Id., Document No. 168.) By Memorandum Opinion and Judgment Order entered on December 6, 2006, District Judge David A. Faber adopted Magistrate Judge Stanley's proposed findings, granted Petitioner's Section 2255 Motion, vacated Petitioner's Amended Judgment in Criminal Case Number 2:03-0278, and re-entered the Amended Judgment without change. (Id., Document No. 171.)

On December 12, 2006, Petitioner filed his Notice of Appeal. (Criminal Action No. 2:03-0278, Document No. 176.) In his appeal, Petitioner argued that the District Court violated his Fifth and Sixth Amendment rights by considering acquitted conduct in determining his amended sentence. The Fourth Circuit Court of Appeals affirmed Petitioner's amended sentence on September 6, 2007. United States v. Ashword, 247 Fed.Appx. 409 (4th Cir. 2007). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on March 31, 2008. Ashworth v. United States, 552 U.S. 1297, 128 S.Ct. 1738, 170 L.Ed.2d 543 (2008).

Petitioner filed the instant Petition on October 9, 2009. (Civil Action No. 5:09-01106, Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows:

> Petitioner's constitutionally correct sentence imposed by the United States District Court of West Virginia was improperly altered by the government and the Fourth Circuit Court of Appeals based on conduct of which a duly impaneled jury of his peers

3

> had found him not guilty. He is now being held in violation of the United States Constitution (Amendments 5 and 6.)

(Id., 1.) Petitioner argues that Judge Faber and Magistrate Judge Stanley correctly "followed the law and the constitution," but the "Fourth Circuit Court of Appeal, or at least three of its judges, clearly did not." (Id., p. 7.) Petitioner states that Fourth Circuit's agreement with the government resulted in the "switching of acquitted conduct into a sustained charge." (Id.) Petitioner further contends that the Fourth Circuit acted "in violation of their own stare decisis." (Id.) Therefore, Petitioner requests that he be released "from his unconstitutional imprisonment." (Id., p. 9.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by this Court. (Civil Action No. 5:09-01106, Document No. 1.) Specifically, Petitioner alleges that his sentence is invalid because the District Court violated his Fifth and Sixth Amendment rights by considering "conduct of which a duly impaneled jury of his peers found him not guilty." (Id., p. 1.) Thus, Petitioner requests that the Court vacate his sentence and release him from incarceration. (Id., p. 19.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

Considering Petitioner's Application as a Section 2255 Motion, the undersigned finds it to be untimely. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

[AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255. The Fourth Circuit affirmed Petitioner's amended sentence on September 6, 2007, and his amended sentence became final on March 31, 2008, when the United States Supreme Court denied his petition for certiorari. On October 9, 2009, approximately 6 months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence in Criminal No. 2:03-0278. Petitioner's Petition is therefore clearly untimely.[2]

The one-year period of limitation is procedural, not jurisdictional, and therefore may be

---

[2] The undersigned further finds that Petitioner's *habeas* claim is procedurally barred. In *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), *cert. denied*, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. *See Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned notes Petitioner's instant *habeas* claim was raised on appeal of his amended sentence and specifically rejected by the Fourth Circuit. The Fourth Circuit specifically held that the District Court did not violate Petitioner's Fifth and Sixth Amendment rights by considering conduct of which he was acquitted in determining his sentence. *Ashworth*, 247 Fed.Appx. at 410-11. Therefore, Petitioner's above claim is procedurally barred because he is seeking to revisit the same issue that was rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so.

equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant."

Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 petitioner must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days

(fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 5, 2010.

_____
R. Clarke VanDervort
United States Magistrate Judge