**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

STEVEN TODD ASHWORTH,

        Petitioner,

v.                              CIVIL ACTION NO.  5:09-cv-01106

DAVID BERKEBILE,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 1].  By Standing Order [Docket 2] entered on October 9, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On August 5, 2010, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF & R") [Docket 7].  He recommends that this Court construe Petitioner's Application as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence, pursuant to 28 U.S.C. § 2255[1] and

---

[1]  28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

(continued...)

deny it as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f).[2] [Docket 7 at 1]. In the PF&R, the magistrate judge finds that Petitioner is not entitled to relief under Section 2241, in any event, because he has not demonstrated that Section 2255 was inadequate or ineffective. [Docket 7 at 8].

On August 26, 2010, Petitioner filed his response to the PF & R [Docket 11].[3] Essentially, he objects to the magistrate judge's characterization of his §2241 Petition as one brought pursuant to § 2255. He insists that his Petition challenges the wrongful execution of his sentence and that said sentence was based on conduct which had been acquitted by a jury. (Docket 11 at 3).

---

[1](...continued)
     sentence.

[2]   28 U.S.C. § 2255(f) provides:
     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
          (1) the date on which the judgment of conviction becomes final;
          (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action;
          (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
          (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]  Though signed by Petitioner, the Court notes that the documents in this case also bear the name of FCI-Beckley inmate Howell Woltz, a habitué of this Court. Skirting the line of practicing law without a license, and at least once crossing it, Woltz is reminded that he is precluded from prosecuting claims on behalf of petitioners other than himself. Motions filed and signed by him in cases to which he is neither counsel nor party, such as the Motion to Expedite filed in this case on January 29, 2010 [Docket 6], are inappropriate. *See McClung v. United States*, Civ. Action No. 5:09-cv-01548 (Docket 10).

I.

On November 11, 2004, Petitioner was found guilty by a jury in the Southern District of West Virginia  and convicted of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 by aiding and abetting in the distribution of a quantity of methamphetamine. This violation was alleged in Count Two of the indictment.  He was acquitted of Count One.   (Crim. Action No. 2:03-cr–00278, Docs. 1, 101).  He was sentenced on January 31, 2005, to sixteen (16)  months of imprisonment, followed by three (3) years of supervised release.  (2:03-cr–00278, Doc. 117).  On March 9, 2005, the United States filed its notice of appeal of the sentence.  (2:03-cr–00278, Doc. 122).

In an unpublished opinion entered on August 15, 2005, the Court of Appeals for the Fourth Circuit vacated the sentence and remanded Petitioner's case for re-sentencing.  The Fourth Circuit found that the district court erred in its determination that it could not consider the conduct alleged in Count One, of which Ashworth was acquitted, in calculating the guideline range under *United States v. Booker*, 125 S. Ct. 738 (2005) and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005). 139 Fed.Appx. 525 at *1 (4th Cir. 2005).  Ashworth was re-sentenced on October 11, 2005, to one hundred twenty-one (121) months of imprisonment and three (3) years of supervised release.  (2:03-cr–00278, Doc. 155).  On October 11, 2006, Ashworth moved to vacate his new sentence reflected in the amended judgment order pursuant to 28 U.S.C. § 2255, on the ground of ineffective assistance of counsel, specifically alleging that his attorney failed to file a direct appeal after Ashworth directed him to do so.  (2:03-cr–00278, Doc. 161).  The United States responded on October 20, 2006, indicating that it did not oppose a limited award of collateral relief to Ashworth for the purpose of restoring his direct appellate rights.  (2:03-cr–00278, Doc. 167).

3

Magistrate Judge Stanley recommended that the Judgment Order re-sentencing Ashworth be vacated for the purposes of restoring his right to appeal. (2:03-cr–00278, Doc. 168).  Petitioner incorrectly characterizes Judge Stanley's recommendation to vacate his sentence as a finding, in his favor, that the new sentence was unconstitutional.  (Docket 1 at 3; Docket 11 at 7).  In adopting Judge Stanley's recommendation on December 6, 2006, Judge Faber did  vacate Ashworth's amended judgment order, but he simultaneously re-entered it without substantive change .  (2:03-cr–00278, Doc. 171).  The purpose was to restart the clock on his appellate rights rather than to make any judgment on the propriety of the new sentence.

The appellate clock having begun anew, Ashworth filed his notice of appeal of the amended judgment on December 12, 2006.  On September 6, 2007, the Court of Appeals for the Fourth Circuit affirmed the amended judgment in another unpublished opinion, finding no error in the new sentence imposed by the district court.  *United States v. Ashworth*, 247 Fed.Appx. 409 (4th Cir. 2007).  Petitioner filed his Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on October 9, 2009.

II.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this

4

Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

Upon consideration of the Petitioner's writ and the magistrate judge's proposed findings and recommendation, the Court declines to adopt the findings of the Magistrate Judge as contained in the PF & R and his recommendation of dismissal at this time.  "[A] district court may not recharacterize a prisoner's filing as a [Section] 2255 petition without notifying the prisoner of its intent to recharacterize the motion, warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend his motion."  *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008) (citation omitted); *see also Castro v. United States*, 540 U.S. 375, 383 (2003) (The Supreme Court held that if a district court recharacterizes a prisoner's motion as his first [Section] 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that the recharacterization means that any subsequent [Section] 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [Section] 2255 claims he believes he has.").

Given that this Court has found reason to recharacterize the Petitioner's instant Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 as a Motion to Vacate, Set Aside or Correct Petitioner's Sentence, pursuant to 28 U.S.C. § 2255, and has determined that the one-year statute of limitations

may be an issue, Petitioner is hereby **NOTIFIED** that this Court intends to recharacterize his

Petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Section 2255.

Petitioner is afforded an opportunity to object to the Court's recharacterization since such a

recharacterization may be construed as Petitioner's first Section 2255 motion.[4]  In considering

whether to proceed under Section 2255, or on the writ as filed, Petitioner is advised that: (a) there

is a one-year limitation period within which to file a Section 2255 motion;[5]  (b) only one Section

2255 motion is permitted to be filed, (c) a prisoner is not entitled to "file a second or successive .

. . [Section] 2255 motion to vacate sentence without first receiving permission to do so from the

appropriate circuit court of appeals," and (d) a petitioner may collaterally attack his conviction under

Section 2241 when he demonstrates that a motion under Section 2255 is "inadequate or ineffective

to test the legality of his detention."  *See  In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); 28 U.S.C.

§ 2255(e).[6]

    In conclusion, the Court **DECLINES** the opportunity to adopt the Magistrate Judge's

findings and recommendation of dismissal at this time.  It is hereby **ORDERED** that Petitioner shall

---

[4]  Petitioner filed a Section 2255 motion in 2006, whereupon he was granted limited collateral relief and his amended judgment was vacated and re-entered.  The re-entered judgment was  not an amended judgment; however, in an over-abundance of caution, the Court will consider the possibility that this Section 2255 would be Petitioner's first challenging the re-entered 2006 judgment. *See Magwood v. Patterson*, --- U.S. ---, 130 S.Ct. 2788, 2798 (2010) (finding in the context of a Section 2254 petition that a Petitioner's "first application challenging [a] new judgment cannot be 'second or successive'").

[5]  *See supra* n.2.

[6]  Section 2255(h) provides
          A second or successive motion must be certified as provided in section 2244 by
          a panel of the appropriate court of appeals to contain –
                    (1) newly discovered evidence that, if proven and viewed in light of the
                    evidence as a whole, would be sufficient to establish by clear and
                    convincing evidence that no reasonable factfinder would have found the
                    movant guilty of the offense; or
                    (2) a new rule of constitutional law, made retroactive to cases on
                    collateral review by the Supreme Court, that was previously unavailable.

have twenty (20) days from the date of this Order in which to notify the Court if he does not wish for the instant petition to be construed as a Section 2255 motion. It is **FURTHER ORDERED** that if Petitioner does not object to the court recharacterizing his Petition as a Section 2255 motion, then Petitioner shall, within twenty (20) days from the date of this Order, demonstrate to the Court that the Section 2255 motion would be timely filed.  It is **FURTHERED ORDERED** that this matter is re-referred to the Honorable United States Magistrate Judge R. Clarke VanDervort for consideration of Petitioner's response, if any, consistent with the instant order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          December 27, 2010

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA