## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **STEVEN TODD ASHWORTH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:09-1106 |
| ) | |
| **DAVID BERKEBILE, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On October 9, 2009, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

## FACT AND PROCEDURE

On November 11, 2004, Petitioner was convicted by a jury in the United States District Court for the Southern District of West Virginia of aiding and abetting the distribution of a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Criminal Action No. 2:03-0278, Document No. 101.) Petitioner was represented by court-appointed counsel, Donald L.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Stennett. (Id., Document No. 23.) Petitioner was sentenced on January 31, 2005, to a 16-month term of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 113 and 117.) On March 9, 2005, the United States appealed Petitioner's sentence to the Fourth Circuit Court of Appeals, contending that the District Court erred when it determined that it was barred, under United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), from considering acquitted conduct to calculate Petitioner's sentencing guideline range. (Id., Document No. 122.) On July 19, 2005, the Fourth Circuit remanded the case for resentencing finding that the District Court had erred "in believing that it was required to exclude evidence of defendant's participation in a conspiracy on which he was acquitted from its calculation of offense level under Sentencing Guidelines." United States v. Ashworth, 139 Fed.Appx. 525 (4th Cir. 2005). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on November 28, 2005. Ashworth v. United States, 546 U.S. 1045, 126 S.Ct. 765, 163 L.ed.2d 594 (2005). The District Court resentenced Petitioner on October 11, 2005, to a 121-month term of imprisonment to be followed by a three-year term of supervised release. (Criminal Action No. 2:03-0278, Document Nos. 153 and 155.) No appeal concerning Petitioner's amended sentence was filed in the Fourth Circuit.

On October 11, 2006, Petitioner, by counsel, Mr. Stennett, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Civil Action No. 2:06-0865, Document No. 161.) Petitioner alleged that he asked Mr. Stennett to file a direct appeal for him, but Mr. Stennett failed to do so. (Id.) By Order entered on October 13, 2006, the United States was directed to file a response to Petitioner's claim. (Id., Document No. 165.) On October 20, 2006, the United States filed a Response to Petitioner's Section 2255 Motion, which indicated that Mr. Stennett informed

counsel for the United States that he, indeed, failed to file an appeal on Petitioner's behalf. (Id., Document No. 166, pp. 2 - 3.) Based upon the representations of Mr. Stennett, counsel for the United States declared that "the interests of justice and judicial economy would best be served by granting the motion for collateral relief for the limited purpose of allowing defendant to raise his various challenges to his conviction and sentence on direct appeal" and that the United States would not oppose such limited relief. (Id., p. 3.) By Proposed Findings and Recommendation entered on November 13, 2006, Magistrate Judge Mary E. Stanley recommended that the District Court grant Petitioner's Section 2255 Motion concerning the denial of his direct appeal, vacate Petitioner's judgment, and re-enter it to allow for a new appeal period. (Id., Document No. 168.) By Memorandum Opinion and Judgment Order entered on December 6, 2006, District Judge David A. Faber adopted Magistrate Judge Stanley's proposed findings, granted Petitioner's Section 2255 Motion, vacated Petitioner's Amended Judgment in Criminal Case Number 2:03-0278, and re-entered the Amended Judgment without change. (Id., Document No. 171.)

On December 12, 2006, Petitioner filed his Notice of Appeal. (Criminal Action No. 2:03-0278, Document No. 176.) In his appeal, Petitioner argued that the District Court violated his Fifth and Sixth Amendment rights by considering acquitted conduct in determining his amended sentence. The Fourth Circuit Court of Appeals affirmed Petitioner's amended sentence on September 6, 2007. United States v. Ashword, 247 Fed.Appx. 409 (4th Cir. 2007). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on March 31, 2008. Ashworth v. United States, 552 U.S. 1297, 128 S.Ct. 1738, 170 L.Ed.2d 543 (2008).

Petitioner filed the instant Petition on October 9, 2009. (Civil Action No. 5:09-01106, Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows:

3

> Petitioner's constitutionally correct sentence imposed by the United States District Court of West Virginia was improperly altered by the government and the Fourth Circuit Court of Appeals based on conduct of which a duly impaneled jury of his peers had found him not guilty. He is now being held in violation of the United States Constitution (Amendments 5 and 6.)

(Id., 1.) Petitioner argues that Judge Faber and Magistrate Judge Stanley correctly "followed the law and the constitution," but the "Fourth Circuit Court of Appeal, or at least three of its judges, clearly did not." (Id., p. 7.) Petitioner states that Fourth Circuit's agreement with the government resulted in the "switching of acquitted conduct into a sustained charge." (Id.) Petitioner further contends that the Fourth Circuit acted "in violation of their own stare decisis." (Id.) Therefore, Petitioner requests that he be released "from his unconstitutional imprisonment." (Id., p. 9.)

By Proposed Findings and Recommendation entered on August 5, 2010, the undersigned recommended that Petitioner's Section 2241 Petition be dismissed. (Document No. 7.) The undersigned determined that Petitioner's Section 2241 Petition should be dismissed because the Petition challenged the validity of his federal sentence and Petitioner had not demonstrated that Section 2255 was inadequate or ineffective.[2] (Id.) On August 26, 2010, Petitioner filed his Objections. (Document No. 11.) By Memorandum Opinion and Order entered on December 27, 2010, United States District Judge Irene C. Berger declined to adopt the undersigned's recommendation and notified Petitioner of its intention to re-characterize his Section 2241 Petition as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Document No. 12.) Judge Berger ordered as follows (Id., pp. 6 - 7.):

---

[2] Citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000), the undersigned noted that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." In an effort to determine if Petitioner's Section 2241 Petition should be construed as a Section 2255 Motion, the undersigned considered his claims under Section 2255. The undersigned determined that construed as a Section 2255 Motion, Petitioner's claims were untimely. The Court, therefore, recommended that Petitioner's Section 2241 Petition be dismissed.

4

> It is hereby **ORDERED** that Petitioner shall have twenty (20) days from the date of this Order in which to notify the Court if he does not wish for the instant petition to be construed as a Section 2255 motion. It is **FURTHER ORDERED** that if Petitioner does not object to the court recharacterizing his Petitioner as a Section 2255 motion, then Petitioner shall, within twenty (20) days from the date of this Order, demonstrate to the Court that the Section 2255 motion would be timely filed. It is **FURTHER ORDERED** that this matter is re-referred to the Honorable United States Magistrate Judge R. Clarke VanDervort for consideration of Petitioner's response, if any, consistent with the instant order.

On January 5, 2011, Petitioner filed his Response to Memorandum Opinion and Order. (Document No. 15.) Petitioner states that he "does not agree to have his properly filed habeas corpus petition mischaracterized as § 2255 petition so that it may be dismissed. (Id., p. 11.) Petitioner argues that his claims are appropriately presented in a Section 2241 Petition. (Id., p. 1.) Citing Black's Law Dictionary, Petitioner defines the following terms: execution, imposition, acquitted, and absolve. (Id., pp. 1 - 2.) Petitioner explains that his "point is that no sentence can be imposed or executed under the United States Constitution on charges which have been acquitted by a jury." (Id., p. 1.) In support of his Section 2241 Petition, Petitioner alleges that his sentence is unconstitutional under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). (Id., pp. 3 - 4.) Petitioner states as follows:

> Steven Todd Ashworth was acquitted of Count Two of the indictment in Case No. 2:03-cr-0278 on November 11, 2004, by a constitutionally convened jury of his peers, yet a sentence for 121 months in prison was unconstitutionally executed for the same conduct that jury had constitutionally ruled to acquit.

(Id., p. 1.) Petitioner claims the "[g]overnment broke the law by transferring acquitted conduct to another charge after the jury had absolved Mr. Ashworth of that conduct." (Id., p. 3.) Petitioner contends "[t]he jury was not reconvened to find this 'fact' and had in fact, found against it, yet government and court colluded and conspired to circumvent the law and the United States

Constitution, to exceed the maximum penalty for Count One of 16 months, and unlawfully execute a sentence of 121 months on acquitted conduct." (Id.)

## DISCUSSION

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal

sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Although Petitioner claims to be challenging the "execution" of his sentence, Petitioner is actually challenging the validity of his sentence imposed by this Court. Specifically, Petitioner argues he was improperly sentenced based upon on acquitted conduct. (Civil Action No. 5:09-01106, Document No. 15.) Petitioner contends his sentence is unconstitutional and therefore may not be properly executed. (Id.) The Court disagrees with Petitioner's interpretation and finds that Petitioner is challenging the validity of his sentence. Thus, Petitioner's assertions are in the nature of those typically considered under Section 2255. Petitioner, however, has notified the Court that he does not wish for his Section 2241 Petition to be construed as a Section 2255 Motion. Accordingly, it appears that Petitioner wishes to proceed under Section 2241 claiming Section 2255 is inadequate or ineffective.

Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section

2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. Petitioner appears to acknowledge that he is proceeding under Section 2241 because a Section 2255 Motion would be dismissed as untimely or successive[3]. (Document No. 15, pp. 5 - 8.) As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has

---

[3] Petitioner states as follows: "This court's penchant for recharacterizing petitions to it so they may be more easily disposed of is not an acceptable reason or means of their handling. The only recognized reason the petitioner can find for court recharacterization is to assist a petitioner. That is clearly not the reason that process is being employed in the case of Steven Todd Ashworth, as this court knows that he has previously filed a § 2255 petition, as it was in this court, and this court granted him relief." (Document No. 15, p. 8.)

failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: January 7, 2011.

*R. Clarke VanDervort*
R. Clarke VanDervort
United States Magistrate Judge