# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

STEVEN TODD ASHWORTH,

                Petitioner,

v.                                        CIVIL ACTION NO.  5:09-cv-01106

DAVID BERKEBILE,

                Respondent.


### MEMORANDUM OPINION AND ORDER

The Court has reviewed Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 1].  By Standing Order [Docket 2] entered on October 9, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On August 5, 2010, the Magistrate Judge submitted Proposed Findings and Recommendation ("PF & R") [Docket 7].  He recommended that this Court construe Petitioner's Application as a motion under Section 2255 and deny it as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f).  (Docket 7 at 1).  He added that Petitioner is not entitled to relief under Section 2241 in any event because he has not demonstrated that Section 2255 is inadequate or ineffective.  (Docket 7 at 8).

On August 26, 2010, Petitioner filed his response to the PF & R [Docket 11].  Essentially, he objected to the Magistrate Judge's characterization of his § 2241 Petition as one under § 2255.

He insisted that his Petition challenges the wrongful execution of his sentence that was based on conduct which had been acquitted by a jury.  (Docket 11 at 3).

This Court declined to adopt the Magistrate Judge's recommendation, and instead, on December 27, 2010, notified Petitioner of its intent to recharacterize his Petition as one seeking relief under § 2255, and gave Petitioner the opportunity to object or otherwise respond.  Petitioner responded on January 5, 2011, objecting to the Court's recharacterization and insisting that his Petition be considered under § 2241.  After reviewing Petitioner's response, Magistrate Judge VanDervort recommended that Petitioner's claims be dismissed.  In his second PF&R, he reasoned that to the extent Petitioner may bring a § 2241 petition challenging his sentence, he must first show that a remedy under § 2255 is inadequate or ineffective.  Judge VanDervort found that Petitioner has not made such a showing.  Petitioner responded on January 25, 2011, protesting again the recharacterization of his  § 2241 petition as one under § 2255.  He repeated his urging that his Petition is the proper subject matter of  § 2241 because he is challenging the execution of an illegal sentence.

Inasmuch as Petitioner has informed the Court that he objects to the recharacterization of his Petition, the Court will consider it under the rules and precedent pertaining to  § 2241.

I.

The facts of this case are set forth in the Court's previous Order, but are worth repeating herein.  On November 11, 2004, Petitioner was found guilty by a jury in the Southern District of West Virginia of Count Two of a two-count indictment, and convicted of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 by aiding and abetting in the distribution of a quantity of

2

methamphetamine. (Crim. Action No. 2:03-cr–00278, Docs. 1, 101). He was sentenced on January 31, 2005, to sixteen (16) months of imprisonment, followed by three years of supervised release. (2:03-cr–00278, Doc. 117). On March 9, 2005, the United States filed its notice of appeal of the sentence. (2:03-cr–00278, Doc. 122).

In an unpublished opinion entered on August 15, 2005, the Court of Appeals for the Fourth Circuit vacated the sentence and remanded Petitioner's case for resentencing. The Fourth Circuit found that the district court erred in its determination that it could not consider the Count One conduct of which Ashworth was acquitted in calculating the guideline range under *United States v. Booker*, 125 S. Ct. 738 (2005) and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005). 139 Fed.Appx. 525 at *1 (4th Cir. 2005). Ashworth was resentenced on October 11, 2005, to one hundred twenty-one (121) months of imprisonment and three (3) years of supervised release. (2:03-cr–00278, Doc. 155). Ashworth moved to vacate his new sentence in the amended judgment order on October 11, 2006, pursuant to 28 U.S.C. § 2255, on the ground of ineffective assistance of counsel, inasmuch as his attorney failed to file a direct appeal after Ashworth directed him to do so. (2:03-cr–00278, Doc. 161). The United States responded on October 20, 2006, that it did not oppose a limited award of collateral relief to Ashworth for the purpose of restoring his direct appellate rights. (2:03-cr–00278, Doc. 167).

Magistrate Judge Stanley recommended that the judgment order resentencing Ashworth be vacated for the purposes of restoring his right to appeal. (2:03-cr–00278, Doc. 168). Petitioner incorrectly characterizes Judge Stanley's recommendation to vacate the judgment order as a finding in his favor that the new sentence was unconstitutional. (Docket 1 at 3; Docket 11 at 7). In adopting Judge Stanley's recommendation on December 6, 2006, Judge Faber did  vacate Ashworth's

amended judgment order, but he also re-entered it without change . (2:03-cr–00278, Doc. 171).  The purpose was to restart the clock on his appellate rights rather than to make any judgment on the propriety of the new sentence.

The appellate clock having begun anew, Ashworth filed his notice of appeal of the amended judgment on December 12, 2006.  On September 6, 2007, the Fourth Circuit affirmed the amended judgment in another unpublished opinion, finding no error in the new sentence imposed by the district court.  *United States v. Ashworth*, 247 Fed.Appx. 409 (4th Cir. 2007).

## II.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

4

III.

Petitioner's objections boil down to the single assignment of error in the Magistrate Judge's recharacterization of his § 2241 petition as one under § 2255. Section 2241 attacks the execution of a sentence, not its validity. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). In the discussion section of his second PF&R, Judge VanDervort sets forth the difference between § 2241 and § 2255. He states that "Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's 'commitment or detention' are properly the subject under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2242." (Docket 16 at 6.) Petitioner is attacking the legality of his sentence, a claim that falls squarely under § 2255 unless he meets that statute's "savings clause". *See In re Jones*, 226 F.3d 328, 332-333 (4th Cir. 2000).

Petitioner contends that he is challenging the "execution of a sentence which this court ruled to have been unlawfully imposed," and thus that his challenge is the proper subject matter of § 2241. (Docket 11 at 8.) However, notwithstanding the inaccurate characterization of the Courts' earlier rulings, the basis for his challenge is revealed in his own assertions: that the sentence was unlawfully imposed. Petitioner challenges the validity of his sentence, and therefore, the remedies under § 2241 are unavailable to him without meeting the "savings clause" requirement, that is, a showing that § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing.[1]

---

[1] The fact that Petitioner is barred from filing a successive § 2255 motion does not render § 2255 "inadequate or ineffective." *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997).

5

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in his second Proposed Findings and Recommendation [Docket 16]. The Court **ORDERS** that Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 1] be **DENIED** and that this matter be **DISMISSED** and **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        August 11, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6